IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GABRIEL M. ROSS                                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 1:21-cv-207-TBM-RPM

HARRISON COUNTY POLICE DEPARTMENT;
MISSISSIPPI POWER; GARDEN PARK HOSPITAL; and
VITALCORE HEALTH STRATEGIES LLC                      DEFENDANTS

<u>MEMORANDUM AND ORDER OF DISMISSAL</u>

   This matter is before the Court *sua sponte. Pro se* Plaintiff Gabriel M. Ross ("Ross") filed

this lawsuit under 42 U.S.C. § 1983 on June 15, 2021, while he was incarcerated in the Jackson

County Adult Detention Center. [1], pg. 2. Ross sued the Harrison County Police Department,

Mississippi Power, Garden Park Hospital, and Vital Core Health Strategies LLC, alleging that he

was electrocuted after stepping on a downed power line. [1], pps. 2-4. He says the Police

Department and Vital Core later failed to provide proper medical care. [1], pg. 4. Ross is proceeding

*in forma pauperis.* [8]. For the following reasons, this case should be dismissed without prejudice.

**I. BACKGROUND**

   On November 29, 2021, the Court ordered Ross to provide specific information regarding

his claims and the named Defendants by December 20, 2021. [9], pps. 1-2. Ross was advised that

Harrison County Police Department "is not a separate legal entity that may be sued under § 1983."

[9], pg. 1. He was given a chance to name Harrison County, Mississippi, as a Defendant in its place.

[9], pg. 2. The Court also directed Ross to advise how Mississippi Power and Garden Park Hospital

acted under color of state law; explain how they violated his constitutional rights; or voluntarily

dismiss them as Defendants. [9], pg. 2. Ross was warned that failure to timely comply with this

Order [9] or a failure to advise the Court about a change in address could lead to the dismissal of this case. [9], pg. 2. A copy of the Court's Order [9] was mailed to Ross at his last-known address at the Jackson County Adult Detention Center, and it returned as undeliverable. [11]. Around the same time, Ross filed a Notice of Change of Address [10] reflecting a move to Central Mississippi Correctional Facility, so a copy of the Court's Order [9] was also sent to the Central Mississippi Correctional Facility. That copy was not returned as undeliverable.

Ross failed to respond to the Court's Order [9] before the December 20, 2021, deadline. As a result, the Court entered an Order to Show Cause [12] on January 6, 2022, directing Ross to respond and comply with the Court's November 29 Order [9] on or before January 20, 2022. [12], pg. 1. Ross was again warned that failure to timely comply with this Order [12] or a failure to advise the Court about a change in address could lead to the dismissal of this case. [12], pg. 1. A copy of the Court's Order [12] was mailed to Ross at his last-known address, and it was not returned as undeliverable.

Ross responded [13] to the Court's Order [12] on January 28, 2022. His response [13] did not answer the Court's questions posed in its November 29 Order [9], merely providing more detail about the electrocution and its after-effects. [13], pg. 1. Nor was the Response [13] signed pursuant to Federal Rule of Civil Procedure 11. The Court ordered Ross to sign the document and return it to the Court by February 14, 2022, if he wanted it to remain filed. [14], pg. 1. He was warned that "failure to comply with this order in a timely manner will result in the unsigned pleading being stricken from the record." [14], pg. 1. He was also warned again that a failure to timely comply with the Order [14] or to notify the Court about a change in address could lead to the dismissal of his case. [14], pg. 1. A copy of the Court's Order [14] was mailed to Ross at his last-

known address, and it was returned as undeliverable. [15]. Ross did not respond before the February 14, 2022, deadline.

As a result, the Court entered a Final Order to Show Cause [16] on February 28, 2022. The Court struck Ross's unresponsive pleading [13] based on his failure to sign it. [16], pg. 2. The Court also ordered Ross to respond and comply with the Court's November 29 Order [9] on or before March 14, 2022. [16], pg. 2. The Court provided the same warnings as in prior Orders. [16], pg. 2. A copy of this Order [16] was also sent to Ross's last-known address, and it was also returned as undeliverable.

Instead of complying with the Court's Orders [9], [12], [14], [16], Ross filed a letter on April 1, 2022, to change his address and request information about his case. [20], pg. 1. Out of an abundance of caution, the Court entered a Third Order to Show Cause [21] on May 3, 2022, directing Ross to respond and comply with the Court's November 29 Order [9] on or before May 17, 2022. [21], pg. 2. The Court provided the same warnings as in prior Orders. [21], pg. 3. A copy of this Order [21] was sent to Ross's new address, and it was not returned as undeliverable.

Ross then filed another unresponsive document on May 11, 2022. [22]. Like his earlier response [13], it did not answer the questions posed in the Court's November 29 Order [9]. Rather, Ross asked the Court to investigate the prison mail service; advised that he was released from prison on February 1 but rearrested on February 10; and provided yet more detail about his electrocution and its medical consequences. [22], pps. 1-3. Ross has never informed the Court whether he wishes to substitute Harrison County for Harrison County Police Department as a Defendant; how Mississippi Power and Garden Park Hospital acted under color of state law; or how Mississippi Power and Garden Park Hospital violated his constitutional rights. *See* [9], pg. 2.

## II. DISCUSSION

Dismissal without prejudice under Federal Rule of Civil Procedure 41(b) is warranted "for failure of a plaintiff . . . to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Noncompliance with a Court order includes both failing to respond and responding without following the Court's directions. *See Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of *pro se* plaintiff's complaint after he was ordered to file an amended complaint but filed many unrelated pleadings instead). Ross took the latter route by failing to answer the questions posed in the Court's November 29, 2021, Order [9], despite repeated warnings that doing so could lead to the dismissal of his case. Dismissal without prejudice is the natural consequence.

But the Court must give heightened consideration in cases "where, as in this matter, plaintiff's action likely would be barred by a statute of limitations if it were dismissed without prejudice." *Searcy v. Paxton*, No. 21-40602, 2022 WL 1763373, at *1 (5th Cir. June 1, 2022). Ross says the events giving rise to his lawsuit occurred on February 1, 2019. [1], pg. 5. The statute of limitations applicable to Section 1983 claims arising in Mississippi is three years. *Fairley v. McGee*, No. 2:11-cv-257-KS-MTP, 2012 WL 293041, at *2 (S.D. Miss. Jan. 31, 2012). This lawsuit, if dismissed without prejudice and refiled later, would likely be time-barred. *See id*.

"In such instances, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice." *Searcy*, 2022 WL 1763373, at *1. "A dismissal with prejudice is improper unless the record evidences 'both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice.'" *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). "Failure to comply with 'a few' orders ordinarily will

not be sufficient to satisfy the heightened standard." *Id.* (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191-92 & n.6 (5th Cir. 1992)) (vacating and remanding the district court's *sua sponte* dismissal after plaintiff failed to comply with one order); *see also, e.g., Zellmar v. Warden, Gurney Unit*, 810 F. App'x 340, 341 (5th Cir. 2020) (same). Dismissals with prejudice must generally be justified by "at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (cleaned up).

The first and third aggravating factors exist here. *See id.* Ross himself is responsible for the delay in this case. He has failed to comply with five Court orders—totally flouting three [9], [14], [16] and only partially complying with two [12], [21] (by filing an unresponsive pleading). Ross has shown an "ability to file numerous other pleadings in [this Court] in the relevant time frame," *see Dunn*, 598 F. App'x at 333, including documents in this case and in *Ross v. Payne, et al.*, No. 1:21-cv-218-LG-RPM (S.D. Miss.), over the past year. Despite that ability, Ross has contumaciously "refused to comply with the [the Court's] explicit directive" that he clarify his claims. *See Dunn*, 598 F. App'x at 333. And his behavior appears intentional given the Court's many efforts to obtain compliance.

The Court has "employed lesser sanctions [than dismissal] that proved to be futile." *See Vafaiyan v. Target Inc.*, 251 F. App'x 862, 863 (5th Cir. 2007). The category of "lesser sanctions" includes "explicit warnings." *See Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). And Ross was explicitly warned five times that his failure to comply with Court orders could lead to the dismissal of his case. [9], pg. 2; [12], pg. 1; [14], pg. 1; [16], pg. 2; [21], pg. 3. The Court thus finds "that lesser sanctions [than dismissal] would not prompt diligent prosecution."

*Vafaiyan*, 251 F. App'x at 863. It is unnecessary for the Court to consider other possible sanctions, as Ross has been repeatedly warned about the possibility of dismissal. *See Callip*, 757 F.2d at 1521. Dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will enter under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of September, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE